THE STATE *ex rel.* WEBSTER *et al.* v. JOHNSON.

Division Two, January 21, 1896.

1. **Prohibition:** REFEREE: COLLATERAL ATTACK. The circuit court having power under Revised Statutes, 1889, sections 2137–2138, to appoint a referee, a writ of prohibition will not lie against action by an appointee as referee because opportunity was not first afforded the parties to exercise the right given them by section 2139 to agree on the person to be appointed; the remedy being by exception and appeal or writ of error.

2. ——: ——: ——. The judgment of a court appointing a referee can not, on application for prohibition against action by the referee, be overcome by evidence *dehors* the record tending to show the nonexistence of facts essential to the court's jurisdiction in making the appointment.

132 105
153 357
153 376

132 105
f155 85

132 105
166 401
167 255

*Prohibition.*

WRIT DENIED.

*Hiram J. Grover* and *Geo. Barry Webster* **for** relators.

. (1) The appointment of respondent as referee was illegal, improper, and in violation of relator's statutory right and he is without jurisdiction in the premises. (2) The referee is not merely an adding machine—he is a separate judicial tribunal. In stating an account he must decide what items are to be included in that account and what excluded. This involves the exercise of a judicial power. It has been uniformly held that a referee is a court in himself. *Cemetery Ass'n v. Woodruff*, 2 Disney, 216; *Plant v. Fleming*, 20 Cal. 92; *Downer v. Downer*, 11 Vt. 395. (3) They have power to dismiss for failure to prosecute. *Calkin v. Adirondack Co.*, 19 Hun, 389. (4) Or if the complaint states no cause of action. *Coffin v. Reynolds*, 37 N. Y. 640.

*Cecil V. Scott, Fidelio C. Sharp*, with *M. & J. R. Kinealy*, for respondent.

(1) Revised Statutes, section 2139, does not have a controlling direction in references of the present character. (2) Besides, this reference was not made in violation of the provisions of that section.

GANTT, P. J.—This is an application for a writ of prohibition to prevent the respondent Edward P. Johnson from proceeding to take an account as referee by virtue of an interlocutory decree rendered by the circuit court of the city of St. Louis in a certain cause wherein Marshall P. Sanguinette and Annie, his wife,

are plaintiffs, and Webster and Flanagan are defendants.

From the averment of the petition it appears that the suit is one in equity for an accounting, and that upon a hearing the court made a finding of the issues for plaintiffs and among other things decreed and ordered as follows: "And the court adjudges that the defendants shall account to and with the plaintiff Annie E. Sanguinette for their transactions, receipts, expenditures under said contract and that the account shall be stated and the balances between said Annie E. Sanguinette and the defendants, and to that end the court doth further order that this case be referred to Edward P. Johnson, Esq., to take such account" and then directed how said account should be taken and concluded as follows: "And the court being unable with the testimony now before it to make this interlocutory decree final all other matters are reserved for further consideration by the court until the filing of said report by the referee."

On the twenty-fifth of September, 1895, this application was presented to a judge of this court to require said referee to show cause why he should not be forever prohibited from hearing said case and taking said account as above ordered.

The petitioners assert that said appointment of said referee is void because neither they nor their counsel were afforded any opportunity to agree with plaintiffs' counsel or plaintiffs upon a suitable person to act as referee as was their right under section 2139, Revised Statutes, 1889, and that defendants did not disagree with plaintiffs as to such referee.

The power and right of a court of equity in this state to appoint a referee without the consent of the parties and of its own motion in a case "where the taking of an account shall be necessary for the information of

the court, before judgment, or for carrying a judgment or order into effect'' is expressly granted by the second clause of section 2138, Revised Statutes, 1889. The courts of this state may refer cases ''by consent'' or ''without consent.'' Sections 2137 and 2138. But by section 2139 it is provided: ''Parties may agree upon referees—*in all cases of reference*, the parties, except when an infant may be a party, may agree upon a suitable person or persons, not exceeding three; and upon filing such agreement, the reference shall be ordered accordingly. If the parties do not agree, the court shall appoint one or more referees, not exceeding three, who shall be free from all exception.''

The learned counsel for plaintiffs insist that unless the parties are afforded an opportunity to agree or disagree the circuit court is wholly without jurisdiction to make the appointment. If they are correct, then we think prohibition is an appropriate remedy; that while an appeal or writ of error might bring the question here for review it would fall short of that adequate redress to which parties are entitled. On the other hand, it is insisted that section 2139 has no reference to the appointment of referees under section 2138, or the cases, which may be referred without consent, but refers solely to cases referred by mutual consent as provided by section 2137.

The power to appoint a referee in a case when the taking of an account is necessary for the information of the court before judgment had long been exercised by courts of chancery prior to the adoption of our code in 1849, and it is evident that it was the purpose of the legislature to preserve the right notwithstanding the practice act abolished the separate tribunals of law and equity. The code left the principles of equity to be administered in the main as they were established before its adoption. But it was entirely competent for

the legislature to regulate the mode of procedure and it would be hard to find language more explicit and comprehensive than that used in section 2139.

Counsel have taxed their ingenuity to discover why the legislature should have provided that parties should have the privilege of agreeing on a referee in cases of reference by consent, and should be denied this right when a reference was deemed necessary without their consent, but a reading of the three sections in their natural order will disclose that the legislature in sections 2137 and 2138 covered the entire field and then provided that "in *all* cases of reference" the parties, except when an infant was a party, may agree upon a suitable person, and if they agree, the filing of the agreement made it obligatory upon the court to so order it. Now, if the general assembly had meant that only in cases of reference *by consent* the parties should have this right, how easy it would have been to have referred to references under section 2137 instead of saying "in all cases of reference." It is the duty of courts to interpret the laws as they find them; to accord the words their ordinary significance, and not to search for occult and strained constructions. Moreover, we think it a wise provision, and a practice almost universally adopted by the courts throughout the state. When it is considered that the cause is to be heard by an officer other than the judge elected by the people or appointed by the governor, it seems eminently just that the parties should be accorded the privilege of agreeing upon a suitable person, if they can, and of objecting to the referee named by the court for good cause. We have no doubt that section 2139 accords the parties the right to agree upon a referee whether the appointment is made under section 2137, or 2138, and the circuit court, in making the appointment with-

out giving counsel, or the parties, an opportunity to agree, erred.

But does it follow that the writ of prohibition should issue notwithstanding that error? The court possessed the power to appoint the referee. The conditions precedent to the appointment after the court determined the necessity were simply steps of procedure, however salutary and conducive to the rights of the parties, and the failure to observe the forms prescribed by the statute are at most only irregularities or errors which the parties may waive. The petition discloses that no exception was saved at the time and if none was saved then the action of the court must stand. If the exception was duly taken and preserved in a bill of exceptions during the term it will yet be available on appeal or writ of error. In the absence of such an exception appearing in the record of that court, the presumption must be indulged the circuit court accorded the parties their statutory rights.

The judgment of the circuit court can not, in this proceeding, be overturned by evidence *dehors* the record, tending to show the nonexistence of facts essential to its jurisdiction. When the court appointed the referee the law presumes the parties had either agreed to the appointment, or had failed to agree, and the presumption can only be rebutted by *a record duly made*, when the reference was ordered. It was their duty then and there to except to the denial of their plain statutory right, and, failing so to do, they are held to waive it.

Perhaps it may be well to add that this right to select a referee must be exercised under the direction and discretion of the court as to *when* it shall be made, and if not exercised, in a reasonable time, the parties will be presumed to have disagreed or waived the right. SHERWOOD and BURGESS, JJ., concur.